*In re* S.B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Mildred B., Respondent-Appellant).

Third District    No. 3—98—0508

━━━━━━━

Opinion filed June 22, 1999.

Elaine Greek, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael A. Riley, of Peoria, guardian *ad litem*.

JUSTICE KOEHLER delivered the opinion of the court:

The respondent, Mildred B., appeals from a Peoria County circuit court order finding her to be an unfit parent and terminating her parental rights to the minor, S.B. On appeal, we must determine whether the circuit court erred and, in so doing, we must answer the following question: May the circuit court terminate the respondent's parental rights without directing that a petition or motion to terminate her parental rights be filed? Because we conclude that the circuit court erred, we reverse the circuit court's decision and vacate the order of termination.

## FACTS

The respondent has given birth to eight children. Her six oldest children, including nine-year-old S.B., were adjudicated neglected in March 1995 and placed in the custody of the Department of Children and Family Services (DCFS). After losing custody of her six children, the respondent gave birth to two more children. These two children were also adjudicated neglected and placed under DCFS guardianship.

The State filed a supplemental petition for termination of parental rights with respect to all of the children in April 1997, alleging that respondent was an unfit parent because she: (1) failed to make reasonable progress toward the return of her children within 12 months of the adjudication of neglect; and (2) failed to make reasonable efforts to correct the conditions that led to their removal (750 ILCS 50/1(D)(m) (West 1996)). The circuit court found that the State had proved that the respondent was unfit as to all of the children on both grounds by clear and convincing evidence. Subsequently, at the best interest hearing in November 1997, the court granted the State's supplemental petition terminating the respondent's parental rights to S.B.'s siblings. At the same time, however, the court found that it was not in S.B.'s best interest to terminate the respondent's parental rights, and it set a permanency review hearing for January 1998.

The record on appeal does not include a report or transcript of the January permanency review hearing. However, an entry in the client service plan, submitted to the circuit court as the guardian's six-month report by Lutheran Social Services of Illinois (LSSI) caseworker discloses the following:

> "On 1/15/98, a Permanency Review Hearing was held on [S.B.] in which LSSI requested that a new Best Interest Hearing be held due to [respondent's] failure to maintain contact with LSSI/DCFS. The court ordered a new Best Interest Hearing set for May 14, 1998 at 2:00 p.m."

At the May 1998 hearing, the circuit court heard testimony from the respondent, the respondent's mother, and Heidi Johnston. Following their testimony, the judge spoke with S.B. in chambers. After hearing arguments of counsel, the court noted that the circumstances had not improved since the respondent was found unfit. The court found, therefore, that it was in S.B.'s best interest to terminate respondent's parental rights to him. A formal order terminating respondent's rights and granting DCFS power to consent to S.B.'s adoption was entered on May 20, 1998. The respondent appeals.

## ANALYSIS

The respondent initially contends that the circuit court's order denying termination of the petitioner's parental rights to S.B. was *res judicata* and that, therefore, the circuit court had no authority to conduct a second best interest hearing in May 1998. She argues that the evidence at both hearings was essentially the same except that at the second hearing the circuit court had results available from S.B.'s psychological evaluation that recommended that S.B. and the respondent maintain regular contact. The respondent argues that, based on the evidence, the court findings at the second hearing should not have differed from those at the first hearing.

The petitioner, the State, argues that the circuit court's November 1997 order was not a final order and that, even if it was, *res judicata* would only apply as to the facts which existed as of that date. In a neglect proceeding the circuit court may consider cumulative evidence, and the evidence showed that S.B.'s circumstances had changed substantially between the November 1997 hearing and the May 1998 hearing.

The guardian *ad litem* (guardian) argues that because the respondent did not object to the hearing either before or during the proceeding, she has waived the argument. Furthermore, the November 1997 best interest hearing was not a final determination. Rather, at that hearing, the court took into consideration S.B.'s circumstances, ordering a psychological evaluation of S.B. and noting that S.B.'s foster parents at that time did not intend to adopt him or provide long-term care for him.

None of the parties have directed this court's attention to case law presenting factually analogous circumstances, and our independent research has failed to disclose any precedent for conducting successive best interest hearings in the absence of a motion or petition specifically seeking termination of parental rights. See 705 ILCS 405/2— 13(4) (West Supp. 1997). The issue, therefore, appears to be one of first impression in Illinois. Because the issue of the court's authority

presents a question of law, not fact, our review is *de novo*. *St. George Chicago, Inc. v. George J. Murges & Associates, Ltd.*, 296 Ill. App. 3d 285, 290, 695 N.E.2d 503, 507 (1998).

■ The Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1996)) constitutes a comprehensive scheme, creating rights and duties that have no counterparts in common law or equity. *In re M.M.*, 156 Ill. 2d 53, 66, 619 N.E.2d 702, 710 (1993). As such, the Act delimits the authority of the juvenile court, and any act taken by the court beyond that authority is void. *In re M.V.*, 288 Ill. App. 3d 300, 304, 681 N.E.2d 532, 534-35 (1997). As this court has noted previously, "termination of parental rights is an extraordinary measure," and the court can choose to consider the matter even if it has been waived. *In re Y.B.*, 285 Ill. App. 3d 385, 390, 674 N.E.2d 819, 821-22 (1996).

■ Parental termination proceedings are initiated by the filing of a petition or motion pursuant to sections 2—13 and 2—29 of the Act. 705 ILCS 405/2—13, 2—29 (West Supp. 1997). Section 2—13 of the Act provides, in relevant part, as follows:

> "(1) Any adult person, any agency or association by its representative may file, or the court on its own motion, consistent with the health, safety and best interests of the minor may direct *the filing through the State's Attorney of a petition* in respect of a minor under this Act. \*\*\*
>
> \* \* \*
>
> (4) If termination of parental rights and appointment of a guardian of the person with power to consent to adoption of the minor under Section 2—29 is sought, *the petition* shall so state. *If the petition includes this request, the prayer for relief shall clearly and obviously state that the parents could permanently lose their rights as a parent at this hearing.*
>
> In addition to the foregoing, the petitioner, *by motion*, may request the termination of parental rights and appointment of a guardian of the person with power to consent to adoption of the minor under Section 2—29 at any time after the entry of a dispositional order under Section 2—22." (Emphasis added.) 705 ILCS 405/2—13(2), (4) (West Supp. 1997).

Section 2—29(2) provides, in relevant part:

> "(2) *If a petition or motion alleges* and the court finds that it is in the best interest of the minor that parental rights be terminated and the petition or motion requests that a guardian of the person be appointed and authorized to consent to the adoption of the minor, the court, \*\*\* after finding, based upon clear and convincing evidence, that a parent is an unfit person \*\*\*, may terminate parental rights \*\*\*." (Emphasis added.) 705 ILCS 405/2—29(2) (West Supp. 1997).

■ The guardian *ad litem* and the State argue, and we agree, that successive parental termination proceedings may be conducted consistent with the foregoing provisions. However, we are equally convinced that no parental termination proceedings may be conducted in the absence of a petition or motion specifically requesting the termination of parental rights. In interpreting a statute, the court will give effect to the legislature's intent. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 593 N.E.2d 522 (1992). The plain language, if not ambiguous, should be given effect. *Piatak v. Black Hawk College District No. 503*, 269 Ill. App. 3d 1032, 647 N.E.2d 1079 (1995). The explicit notice provisions of sections 2—13 and 2—29(2) make it clear that the legislature did not intend to grant a juvenile court authority to hold parental termination hearings based solely on an interested party's oral request for such at a permanency review hearing.

■ The record reveals that, following the termination of her rights to her other children, the respondent stopped visiting S.B., who had been diagnosed as needing contact with his mother. As a consequence of the respondent's failure to maintain contact with LSSI and DCFS, on January 15, 1998, LSSI's representative orally requested a second "best interest hearing." At that point, the court could have directed the State's Attorney to file a petition or motion seeking termination of respondent's parental rights to S.B. 705 ILCS 405/2—13(1) (West Supp. 1997). However, this was not done. Instead, the respondent was simply served notice of the court's order setting the cause for another "best interest hearing."

We find no evidence in the record that the respondent received explicit statutory notice that the hearing scheduled for May 1998 could result in the permanent loss of her parental rights to S.B. Under the circumstances, we conclude that the court exceeded its authority in conducting the proceedings on May 14, 1998. Accordingly, the order terminating respondent's parental rights to S.B. was void and must be vacated. See *In re M.V.*, 288 Ill. App. 3d at 307, 681 N.E.2d at 537. Based on our resolution of the procedural issue, we need not address respondent's other issue challenging the factual basis for the court's termination decision.

Because we conclude that the circuit court erred when, in the absence of a petition or motion seeking termination, it terminated the respondent's parental rights, the judgment of the circuit court of Peoria County is reversed, and the order terminating respondent's parental rights is hereby vacated.

Judgment reversed; order vacated.

HOLDRIDGE, P.J., and HOMER, J., concur.