*In re* E.F., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. The Department of Children and Family Services *et al.*, Respondents-Appellants).

Third District    No. 3—00—0641

Opinion filed August 16, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Richard S. Huszagh (argued), Assistant Attorney General, of counsel), for appellants.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Dawn D. Duffy (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Edward P. Graham and Daniel P. Fitzgerald, both of Law Offices of Edward P. Graham, Ltd., of Naperville, guardian *ad litem*.

JUSTICE LYTTON delivered the opinion of the court:

Sixteen-year-old E.F. was adjudicated delinquent and sentenced to the custody of the Department of Children and Family Services (DCFS). We reverse and remand for a new sentencing hearing, finding that the trial court lacked jurisdiction to place him with DCFS.

## FACTS

The Will County State's Attorney filed two delinquency petitions against E.F., alleging that the 16-year-old minor committed criminal damage to his father's property and domestic battery against his stepmother. E.F. had lived with his mother for most of his life, but she had sent him to stay with his father due to his severe behavioral problems. His stepmother subsequently obtained an order of protection preventing E.F. from returning to the family home. After a trial, E.F. was adjudicated delinquent based on the charges in the delinquency petitions.

At the sentencing hearing on the delinquency charges, E.F.'s guardian *ad litem* suggested that the county file a neglect petition; the county, on the other hand, recommended that the court sentence E.F. to DCFS due to the "overriding circumstances." The trial court found that E.F. was neglected because the order of protection barred him from his father's house. The court then placed E.F. in the custody of DCFS. DCFS and E.F.'s father filed motions to vacate the order, which were denied. DCFS appeals; we reverse and remand for a new sentencing hearing.

## DISCUSSION

DCFS argues that in a pending delinquency petition the trial court lacks jurisdiction under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 2000)) to sentence E.F. to DCFS custody.

The county maintains that the trial court had the necessary authority because section 2—10(2) of the Act (705 ILCS 405/2—10(2) (West 2000)) allows DCFS to take custody of any minor found to be

neglected under section 2—3(1)(a) (705 ILCS 405/2—3(1)(a) (West 2000)). The Act's definition of "a neglected minor" includes one "who is abandoned by his or her parents." 705 ILCS 405/2—3(1)(a) (West 2000). Since the trial court found that E.F. was abandoned by his father because the order of protection prevented him from returning home, the county argues that the court had the authority to place him with DCFS as a neglected minor under section 2—10(2) (705 ILCS 405/2—10(2) (West 2000)).

•1 Because this issue concerns the scope of the court's authority under the Act, we will review it *de novo*. *In re S.B.*, 305 Ill. App. 3d 813, 816-17, 713 N.E.2d 750, 752 (1999).

•2 Section 5—710(1)(a)(iv) of the Act states:

"(1) The following kinds of sentencing orders may be made in respect of wards of the court:

(a) Except as provided in Sections 5—805, 5—810, 5—815, a minor who is found guilty under Section 5—620 may be:

\* \* \*

(iv) placed in the guardianship of the Department of Children and Family Services, *but only if the delinquent minor is under 13 years of age.*" (Emphasis added.) 705 ILCS 405/5—710(1)(a)(iv) (West 2000).

This court has previously found that the Act defines the scope of alternatives available to the circuit courts. *In re C.M.*, 282 Ill. App. 3d 990, 994, 669 N.E.2d 707, 710 (1996). The legislature's decision to limit courts' ability to award custody of certain minors to DCFS under the Act was a valid exercise of its discretion. *In re C.M.*, 282 Ill. App. 3d at 995, 669 N.E.2d at 711. A court's jurisdiction to remove a child from a parent's home based on a finding of neglect is "purely statutory and the proceedings and remedies provided by the Act are part of a comprehensive statutory scheme." *In re A.H.*, 195 Ill. 2d 408, 415-16, 748 N.E.2d 183, 188-89 (2001). Thus, we are bound by the clear language of the Act.

•3 In *A.H.*, our supreme court reviewed the explicit statutory steps for awarding temporary custody of a child under section 2—10 of the Act. "Proceedings under the Act are initiated by the filing of a petition for adjudication of wardship with the court pursuant to section 2—13. 705 ILCS 405/2—13 (West 1998)." *In re A.H.*, 195 Ill. 2d at 417, 748 N.E.2d at 189. The court noted that "a petition is required for a temporary custody hearing and to begin the entire adjudicatory process." *In re A.H.*, 195 Ill. 2d at 424, 748 N.E.2d at 193.

Here, no neglect petition was filed under section 2—10(2) prior to the entry of the trial court's custody order. At the sentencing hearing on the delinquency charges filed against E.F., the county orally

requested that the court "sentence" E.F. to the custody of DCFS. In the absence of a petition to initiate custody proceedings, the trial court lacked jurisdiction to enter a custody award. A trial court may not exceed its authority under the Act regardless of how beneficial or desirable the result may be. *In re C.M.*, 282 Ill. App. 3d at 996, 669 N.E.2d at 711-12. Thus, the trial court's order awarding custody of E.F. to DCFS is void. See *In re A.H.*, 195 Ill. 2d at 416, 748 N.E.2d at 189.

Since we find that the trial court's order was void because the court lacked subject matter jurisdiction over the custody of E.F., we need not address the other issues raised on appeal.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McDADE and SLATER, JJ., concur.